# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONYE CLINTON | § § § § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-2981-S |
| | § § | |
| DALLAS INDEPENDENT SCHOOL DISTRICT and ALAN E. MILES | § § § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Alan E. Miles's ("Defendant") Partial Motion to Dismiss [ECF No. 21]. For the reasons stated below, the Motion is granted.

### I. BACKGROUND

Plaintiff Donye Clinton ("Plaintiff"), a former student at Skyline High School, brings this case for events surrounding his arrest during his junior year of high school. Am. Compl. ¶¶ 5-6. Skyline High School is in Dallas Independent School District ("DISD"), and Defendant is an officer employed by the DISD Police Department. *Id.* ¶ 51. On October 29, 2015, Plaintiff was assaulted by another student while at school. *Id.* ¶ 7. After the assault, Plaintiff alleges that Defendant "apprehended [Plaintiff] by slanging [sic] him head first into lockers located in the hallway at the school. [Defendant] then placed [Plaintiff] into a chokehold with his forearm and dragged [Plaintiff] several feet down the hall and into a classroom." *Id.* ¶ 8.

Plaintiff alleges that he requested to call his mother but was denied that opportunity. *Id.* ¶ 9. According to Plaintiff, "[h]e was held there against his will, violently attacked again by [Defendant] . . . while no one was in the room, arrested, and subsequently charged with resisting arrest." *Id.* Plaintiff

was taken to the Henry Wade Juvenile Justice Center but was never criminally prosecuted for evading arrest. *Id.* ¶ 10. Upon release, Plaintiff was taken to Children's Hospital of Dallas, where he was diagnosed with "neck pain, a bruised and busted lip, midline thoracic back pain, and assault by blunt force trauma." *Id.* ¶ 11.

Based on the foregoing allegations, Plaintiff brings a cause of action against Defendant under 42 U.S.C. § 1983. He argues that Defendant violated his Fourth and Fifth Amendment rights. Defendant moves to dismiss only Plaintiff's Fifth Amendment-based § 1983 claim.

## II. ANALYSIS

To state a § 1983 claim, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). Defendant contends that Plaintiff cannot satisfy the first element because the Fifth Amendment only applies to violations of constitutional rights by the United States or a federal actor. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Plaintiff has not alleged that Defendant was acting under authority of the federal government. Rather, he alleges that Defendant is an officer "under the employ of DISD, specifically in the DISD Police Department." Am. Compl. ¶ 51. DISD is a political subdivision of the State of Texas. *Dall. Indep. Sch. Dist. v. Woody*, 178 F. Supp. 3d 443, 448 (N.D. Tex. 2016), *rev'd in part on other grounds*, 865 F.3d 303 (5th Cir. 2017). Because the Fifth Amendment's Due Process Clause only applies to federal actors and not to state or municipal actors, the Court finds that Plaintiff has failed to state a cognizable Fifth Amendment claim.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendant's Partial Motion to Dismiss and dismisses Plaintiff's Fifth Amendment-based § 1983 claim with prejudice.

**SO ORDERED.**

SIGNED March 27, 2019.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**