IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONYE CLINTON, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. |
| DALLAS INDEPENDENT SCHOOL DISTRICT; ALAN E. MILES, INDIVIDUALLY, | § § § § | 3:17-cv-02981-S |
| *Defendants*. | § § | |

### DEFENDANT ALAN E. MILES'S MOTION TO DEEM MATTERS ADMITTED AND BRIEF IN SUPPORT

TO THE HONORABLE KAREN GREN SCHOLER, UNITED STATES DISTRICT JUDGE:

Under Federal Rule of Civil Procedure 36, Defendant Alan E. Miles moves this Court to deem Defendant Alan E. Miles's First Request for Admissions to Plaintiff Donye Clinton as admitted against Clinton. In support of this Request, Miles would respectfully show the following:

### I.  SUMMARY OF THE ARGUMENT

Plaintiff Donye Clinton is a former student of Dallas Independent School District's ("Dallas ISD" or the "District") Skyline High School ("Skyline"). Defendant Alan E. Miles serves as a campus police officer at Skyline. On October 29, 2015, Miles arrested Clinton after Clinton engaged in an altercation with another student and, then, violently resisted the arrest. Clinton alleges that Miles used excessive force and asserts claims against Miles under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights. *See* ECF No. 17.

Discovery commenced in this case after the Court's March 27, 2019 Memorandum Opinions and Orders regarding Dallas ISD's Motion to Dismiss and Miles's Partial Motion to Dismiss. *See* ECF Nos. 37 & 38. Thereafter, on July 1, 2019, Miles served Clinton with his First

Request for Admissions. App. 001–020. Under Federal Rule of Civil Procedure 36(a)(3), Clinton's deadline to respond was July 31, 2019. FED. R. CIV. P. 36(a)(3). Clinton did not provide his response on July 31, 2019 and did not seek an extension either with counsel for Miles or the Court. Under Federal Rule of Civil Procedure 36(a) any request not timely responded to is deemed admitted. Miles, therefore, moves the Court to deem each request for admission included in Miles's First Request for Admissions as admitted against Clinton.

## II.     RELEVANT BACKGROUND

On October 29, 2017, Plaintiff Donye Clinton filed this lawsuit against Dallas ISD and Miles in response to an incident that occurred on October 29, 2015 when Miles arrested Clinton. *See* ECF No. 1. Clinton alleges that Miles used excessive force against him in violation of his Fourth Amendment Rights. *See* ECF No. 17. On March 29, 2018, before this Court ruled on Dallas ISD's and Miles's pending Motions to Dismiss the Original Complaint, Clinton filed his First Amended Complaint (the "Complaint"). *See* ECF No. 17.

On March 27, 2019, the Court granted Dallas ISD's Motion to Dismiss the Complaint and Miles's Partial Motion to Dismiss. ECF Nos. 37 & 38; *see also* ECF Nos. 21 & 23. The Court gave Clinton the opportunity to file an amended complaint against Dallas ISD, but he chose not to do so. Consequently, Miles is the sole defendant in this case and Clinton's Fourth Amendment excessive force claim against Miles is the sole claim remaining.

On July 1, 2019, Miles served Clinton with his First Request for Admissions. App. 001–020. Clinton did not provide responses by the July 31, 2019 deadline and has not provided Miles with any Responses to the First Request for Admissions since that time. Therefore, Miles files this Motion requesting that the Court deem the requests for admission contained within Miles's First Request for Admissions as admitted.

### III.  ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 36 provides that a party may serve on another party "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: facts, the application of law to fact, or opinions about either, and the genuineness of any described documents." FED. R. CIV. P. 36(a)(1)(A)–(B). The purpose of requests for admissions is to "narrow the issues to be resolved at trial by identifying and eliminating those matters on which the parties agree." *Mt. King Dorian Tank Schiffahrts GMBH & Co v. Anchor Marine & Industrial Supply, Inc.*, No. H-16-1060, 2018 WL 8732185, at *1 (N.D. Tex. Dec. 11, 2018). A request is "admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." FED. R. CIV. P. 36(a)(3); *Williams v. Wells Fargo Bank*, 560 Fed. App'x 233, 244 (5th Cir. 2014). A court has "no discretion under Rule 36(a) to deem the matters not admitted" where the responding party misses its 30-day deadline and "may only permit withdrawal or amendment of the admissions upon motion under Rule 36(b)." *Barnett v. Maurice Sporting Goods, Inc.*, No. 4:04CV394, 2016 WL 8440638, at *3 (E.D. Tex. Mar. 10, 2006); *see also Le v. Cheesecake Factory Restaurants*, No. 06-20006, 2007 WL 71260, at *1 (5th Cir. Mar. 6, 2007) ("a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b)"); FED. R. CIV. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").

Miles served Clinton with his Request for Admission on July 1, 2019, and Clinton's response was due on or before July 31, 2019. *See* FED. R. CIV. P. 36 (a)(3). Because Clinton did not serve his response within the time period prescribed by Federal Rule of Civil Procedure 36(a)(3) and did not request an extension with either counsel for Miles or the Court, the requests

for admission contained within Miles's First Request for Admission should be deemed as admitted against Clinton. Thus, Miles moves this Court for an Order deeming all request for admissions in his First Request for Admissions admitted.

WHEREFORE, PREMISES CONSIDERED, Defendant Alan E. Miles hereby requests that the Court find that the requests for admissions included in Miles's First Requests for Admissions are deemed admitted as a matter of law based on Clinton's failure to answer or object within the time allowed by Federal Rule of Civil Procedure 36(a)(3). Miles prays for such other and further relief to which he may be justly entitled.

Respectfully submitted,

*/s/ Kathryn E. Long*
KATHRYN E. LONG
klong@thompsonhorton.com
State Bar No. 24041679

DIANNA BOWEN
dbowen@thompsonhorton.com
State Bar No. 24013778

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

*Attorneys for Defendant
Alan E. Miles*

## CERTIFICATE OF CONFERENCE

The undersigned counsel for Defendant Alan E. Miles hereby certifies that she attempted to confer with Plaintiff Donye Clinton's counsel, Corwyn M. Davis, via email on August 13, 2019 regarding the contents of the Motion and the relief sought in the Motion. Mr. Davis did not respond to the August 13, 2019 email. Therefore, the Motion is filed as an opposed motion.

*/s/Kathryn E. Long*
KATHRYN E. LONG

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been served upon all counsel of record via the Court's electronic filing system on this 14th day of August, 2019.

Corwyn M. Davis
THE DAVIS LAW GROUP, P.C.
1111 West Mockingbird Lane, Suite 790
Dallas, Texas 75247
cdavis@davislawgrp.com

*/s/    Kathryn E. Long*
KATHRYN E. LONG