IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D.C., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 3:17-CV-02981-E | |
| § | | |
| DALLAS INDEPENDENT SCHOOL DISTRICT; § | | |
| ALAN E. MILES, INDIVIDUALLY, § | | |
| § | | |
| Defendants. § | | |

## **MEMORANDUM ORDER AND OPINION**

Before the Court is Defendant Alan E. Miles's Motion for Summary Judgment on Plaintiff D.C.'s Deemed Admissions (Doc. No. 57). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted for the following reasons.

### BACKGROUND

The following allegations are taken from D.C.'s First Amended Complaint. While a student at Skyline High School in the Dallas Independent School District (DISD), D.C. was assaulted by another student (Student 2) on campus. Miles, a DISD police officer, apprehended D.C. by "slanging him head first into lockers located in the hallway at the school," "plac[ing] D.C. into a chokehold with his forearm[,] and dragg[ing] D.C. several feet down the hall and into a classroom." D.C. was "held there," where Miles "slammed [D.C.'s] head against the desk." Miles arrested D.C., who was charged with resisting arrest. The apprehension and arrest "caused multiple contusions and bruised to D.C.'s neck, face, forehead, and lips."

1

D.C. brought this action against Miles alleging claims for violations of D.C.'s Fourth and Fifth Amendment rights under 42 U.S.C. § 1983 (Doc. No. 17).[1] Miles filed a partial motion to dismiss the Fifth Amendment-based section 1983 claim, and the Court granted the motion (Doc. Nos. 27 & 37).

Miles subsequently served D.C. with requests for admission (Doc. No. 49-1; *see also* Doc. No. 54). D.C. failed to timely respond to the requests, and Miles filed a motion to deem matters admitted (Doc. No. 48). D.C. did not respond to the motion, which the Court granted (Doc. No. 54), and D.C. has not moved to withdraw the admissions. Accordingly, the matters in the requests for admission are deemed admitted and are conclusively established for purposes of this action under Federal Rule of Civil Procedure 36 and this Court's Order (Doc. No. 54). *See* FED. R. CIV. P. 36(a)(1), (a)(3), (b);[2] *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008) (deemed admission on essential issue can serve as basis for summary judgment); *Dukes v. S. Carolina Ins. Co.*, 770 F.2d 545, 548–49 (5th Cir. 1985).

---

[1] D.C. also sued DISD; the Court previously dismissed the claims against DISD (Doc. No. 38).

[2] In pertinent part, Rule 36 provides:

(a) SCOPE AND PROCEDURE.

   (1) *Scope.* A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) related to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

* * *

   (3) *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. . . .

* * *

(b) EFFECT OF AN ADMISSION; WITHDRAWING OR AMENDING IT. A mater admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. . . .

FED. R. CIV. P. 36.

Among others, the following factual matters set out in Miles's requests to D.C. are admitted:

In October 2015, D.C. was involved in a physical altercation with Student 2 on the campus of Skyline High School. Miles and another DISD police officer, Johanna Williams, received a call about the fight and responded to the scene. Thereafter, D.C. attempted to start a second fight with Student 2. To prevent the assault, Miles restrained D.C., who resisted by pushing and shoving Miles and grabbing Miles by the throat. There were no lockers in the "parking lot/courtyard" were the apprehension took place, and Miles did not "slang and/or slam" D.C. into lockers during the apprehension.

Miles instructed D.C. to calm down and demanded that D.C. place his hands behind his back. D.C. refused to comply, and Miles placed his left forearm around D.C.'s upper body and "pulled," but did not "drag," D.C. to a school security office. This walk lasted less than fifteen seconds, and there were no lockers in the hallway leading to the office. Miles continued to try to subdue D.C., but D.C. continued to resist arrest. Miles and Williams were met by campus officer Anthony Allen in the office, and Miles, with the assistance of Williams and Allen, placed D.C. in handcuffs. Miles then arrested D.C. for disorderly conduct and resisting arrest, search, or transport. Miles did not "slam" D.C. against a desk. D.C. was not injured during the arrest, and his broken lip, neck and back pain, and contusions resulted from his previous altercations with Student 2.

Miles now has moved for summary judgment[3] on D.C.'s remaining Fourth Amendment-based section 1983 claim, which alleges Miles used excessive force. Miles asserts he is entitled to qualified immunity based on the deemed admissions.

LEGAL STANDARD

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals Partnership*, 520 F.3d 409, 411 (5th Cir. 2008). "A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Norwegian Bulk Transp. A/S*, 520 F.3d at 411–12 (internal quotation marks and citations omitted).

The "usual summary judgment burden of proof" is altered when the movant asserts a qualified immunity defense. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). When a government official pleads qualified immunity, the burden shifts to the plaintiff to demonstrate the defense's inapplicability by "establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown*, 537 F.3d at 253; *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). The court must view all facts and reasonable inferences drawn from the record "in the light most favorable to" a plaintiff opposing the motion, but the plaintiff cannot rest on conclusory allegations or

---

[3] Miles also filed a motion to dismiss D.C.'s claim based on D.C.'s failure to comply with an order requiring him to serve initial disclosures and responses to interrogatories and requests for production (Doc. No. 54). Because the Court resolves D.C.'s claim on summary judgment, Miles's motion to dismiss is denied as moot.

assertions. *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016); *Poole v. City of Shreveport*, 691 F.3d 624, 630 (5th Cir. 2012).

ANALYSIS

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Courts use a two-part test to determine if a government official is entitled to qualified immunity. First, the court determines if the official's conduct violated a constitutional right. *Terry v. Hubert*, 609 F.3d 757, 761 (5th Cir. 2010). For an excessive force claim, "[t]he second prong of the test 'is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendant was objectively unreasonable in light of that then clearly established law.'" *Griggs v. Brewer*, 841 F.3d 308, 313 (5th Cir. 2016) (quoting *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005)). Courts may decide which of the two prongs should be decided first. *Pearson*, 555 U.S. at 232.

Miles contends the summary judgment evidence establishes he is entitled to qualified immunity under both prongs of the defense. To overcome the defense, D.C. has the burden to direct the Court to evidence establishing a genuine dispute of material fact as to whether (1) Miles "violated a federal constitutional or statutory right or (2) the violated right was clearly established at the time of the challenged conduct." *Escarcega v. Jordan*, 701 F. App'x 338, 341 (5th Cir. 2017).

With respect to the first prong, D.C. alleges Miles violated his Fourth Amendment right by using excessive force in apprehending and arresting him. To prevail on an excessive-force claim, a plaintiff must show "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016) (quoting *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012)). His excessive force claim is "analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 396 (1989). To determine the objective reasonableness of the force used, a court must balance "the amount of force used against the need for that force, taking the perspective of a reasonable officer on the scene without the 20/20 vision of hindsight." *Poole*, 691 F.3d at 628 (internal quotations omitted). Considerations include the severity of the offense, whether the suspect posed an immediate threat to the safety of the officer or others, and whether the suspect resisted or attempted to evade arrest. *Graham*, 490 U.S. at 396.

The summary judgment evidence precludes finding that Miles's use of force was clearly excessive. D.C. was attempting to assault Student 2 when Miles intervened. D.C. resisted Miles's efforts to restrain him verbally and physically by pushing and shoving Miles and grabbing Miles by the throat. A reasonable officer present at the scene could have perceived D.C.'s conduct as posing an immediate threat to the safety of Student 2 and Miles. Indeed, D.C. admitted his conduct posed a serious threat to both Student 2 and Miles. D.C. continued to resist efforts to restrain him, refusing to comply with Miles's instructions to calm down and place his hands behind his back. Miles then placed a forearm around D.C.'s upper body and "pulled" D.C. to a school security office. D.C. continued to resist arrest, but

6

Miles was able to place D.C. in handcuffs with the assistance of Williams and Allen. Viewed objectively, the summary judgment evidence shows Miles reacted with "measured and ascending" actions in his efforts to apprehend and arrest D.C. *See Galvan v. City of San Antonio*, 435 F. App'x 309, 311 (5th Cir. 2010) (use of force involving "measured and ascending responses" was reasonable when plaintiff resisted arrest).

D.C. alleged Miles "slanged" D.C. into lockers, slammed his head against a desk, placed him into a "chokehold," and dragged him "several feet" into a classroom, but the unsworn allegations in his amended complaint are not summary judgment evidence. *See Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) ("[P]leadings are not summary judgment evidence."). Further, the deemed admissions conclusively establish those events did not occur. Balancing the amount of force used against the need for that force with "the perspective of a reasonable officer on the scene without the 20/20 vision of hindsight," *see Poole*, 691 F.3d at 628, the Court concludes D.C. has failed to produce evidence showing Miles's actions were clearly excessive or unreasonable.

D.C. also is required to show he suffered an injury and the injury resulted "directly and only from a use of force that was clearly excessive." *Stephenson v. McClelland*, 632 F. App'x 177, 184 (5th Cir. 2015). D.C.'s allegations that his apprehension and arrest "caused multiple contusions and bruised to D.C.'s neck, face, forehead, and lips" do not constitute competent summary judgment proof. *See Wallace*, 80 F.3d at 1047. And, D.C. admits that *none* of his alleged injuries resulted from his interactions with Miles and, instead, were the result of his altercations with Student 2. Without evidence of an injury or that any injury was sustained as a result of his apprehension and arrest, D.C. cannot maintain an excessive force

claim against Officer Miles. *See Carlton v. Fearneyhough*, No. 07-10676, 2008 WL 686595, at *2 (5th Cir. Mar. 12, 2008) (when conceding he suffered no injury in defendant's request for admissions, plaintiff "failed to make out a prima facie case of an excessive force claim").

By failing to demonstrate any evidence that Miles violated D.C.'s Fourth Amendment right, D.C. cannot satisfy his burden of raising a genuine dispute of material fact as to whether Miles is entitled to qualified immunity. Accordingly, the Court need not address the second prong of the qualified immunity analysis.

## Conclusion

D.C., by admitting facts demonstrating Miles's conduct did not violate any of his constitutional or statutory rights, fails to raise a genuine dispute of material fact on Miles's qualified immunity defense. Therefore, the Court **GRANTS** Miles's Motion for Summary Judgment on Plaintiff D.C.'s Deemed Admissions (Doc. No. 57) and **DISMISSES** D.C.'s claim against Miles **with prejudice**.

**SO ORDERED.**

Signed January 14, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE